### BASSETT v. CONLEY et al.
### No. 8544.

Circuit Court of Appeals, Ninth Circuit.

Feb. 10, 1938.

Bettin, Painter & Wait and Edward C. Olson, all of Los Angeles, Cal., for appellant.

William R. Litzenberg, of Los Angeles, Cal., for appellees.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a decree in equity in a suit for patent infringement. The court decreed the contested claims of plaintiff's patent valid but not infringed by defendants. The sole issue on this appeal, therefore, is infringement.

The question is purely one of fact. Whether infringement has occurred is a rather close question in this case. The trial court heard all the witnesses and inspected the models and devices of the respective parties. The presumption of validity applies strongly, and, it is believed, is sufficient to conclude the issue in favor of the decree below.

The plaintiff's patent, Bassett No. 1,-880,668, October 4, 1932, shows a device for applying steam to pile fabric materials, such as velvet, for cleaning purposes. There is, of course, nothing new in this. One of the difficulties of steam treatment is to obtain steam of the proper moisture. Dry steam is usually required, but, for certain types of spots, a wetter steam is desirable. Steam too wet will injure the fabric. Requirements vary also with the external conditions of climate and humidity.

Plaintiff's machine aims to insure a steam supply which can be made dry or wet, or in between, as required. The moisture content of the steam can be changed with the twist of a handle while the machine is in operation.

The machine consists of a steam reservoir, divided horizontally into two vertical chambers. The division is not complete, for there is a free opening or orifice between the upper and lower chambers. The moist steam and the water of condensation naturally go to the bottom chamber and the dry steam remains in the upper one. There is an outlet at the bottom of the lower chamber to drain the water condensed from steam.

An outlet taps the moist steam chamber at its highest point and leads to the nozzle which sprays the clothes. A similar outlet taps the dry steam chamber and leads to the same nozzle. By valve control, either the wet or dry steam can be turned on full force, and, of course, either or both can be turned on to any desired extent— hence the moisture degree of the steam can be varied at will at any time, while the machine is in operation. The steam which supplies the reservoir is introduced into the upper chamber.

The claims alleged to be infringed are 1, 2, 8, and 12. Claim 1 reads: "In an apparatus for treating and cleaning pile fabric materials, a reservoir having a portion adapted to contain wet steam and a portion adapted to contain dry steam, a nozzle, and valved means for opening one or the other of said portions to said nozzle."

Claim 2 repeats this identical claim, merely adding a feature which is not claimed to be infringed so is not in issue here.

Claim 8 adds nothing substantially new. It specifies "a vertical reservoir having relatively superimposed chambers in open communication with each other. * * *"

Claim 12 specifies a means by which relatively wet steam is conducted to a nozzle from one portion of a single reservoir, and dry steam to the same nozzle from another portion of the same reservoir, and means for controlling the respective flows variably. Plaintiff asserts that this claim is broader than the others in that it includes one reservoir, undivided into chambers.

The court adjudged these claims to be valid.

The alleged infringing device is the so-called Conley machine, serving the same purposes as plaintiff's, and has enjoyed a

wider commercial success. Plaintiff has sold only sixteen of his machines since 1932.

Conley developed his machine after seeing plaintiff's being demonstrated. The alleged infringing device is called the Star Velvet Rejuvenator. Its principle of operation is depicted in patent No. 1,923,422, issued to Conley on August 22, 1933.

Conley has a single steam chamber, with an overflow pipe in the bottom to carry off water of condensation after it rises to a certain height in the reservoir. It is contemplated that there shall always be some distilled water in the bottom of the chamber below the level of the overflow pipe. The dry steam naturally rises to the top. At the top is an outlet pipe carrying this dry steam to the nozzle which sprays the fabric to be treated.

There is an outlet valve in the bottom of the reservoir below the water line and, when opened, water, not steam, will issue forth. This water is carried through a minute opening into the pipe through which dry steam is being carried to the nozzle from the top of the chamber. It is the theory of the device that the dry steam rushing past the water opening will create a vacuum, which, when the water valve is opened, will draw water so fast through the minute opening that the water will be atomized, that is, split into small particles. In this way, the dry steam can be moistened when desired.

The first question that presents itself is whether the defendants' process of mixing water with steam, both water and steam coming from a single chamber, infringes plaintiff's process of mixing wet and dry steam.

The question is a narrow one. It is not denied that mixing water particles with dry steam is a different process than mixing wet steam with dry steam. The same result is obtained—the ultimate result being a somewhat moistened steam. But the process differs. We agree with the District Court that the difference is sufficient to avoid infringement.

Plaintiff's patent is not generic. There are many prior patents in the record for contrivances for steam treating fabrics. They show that the necessity of getting steam of the proper degree of moisture has long been recognized. Some at least show means for obtaining steam of variable moisture.

Such being the case, the claims of plaintiff's patent show improvement only. It is a new means of getting an old result. Being an improvement patent it is well settled that it is to be narrowly construed and the claims strictly limited. Paraffine Cos. v. McEverlast, 9 Cir., 84 F.2d 335, 341.

The second question in this case is raised by plaintiff's contention that defendants' machine does not in practice operate in the manner the Conley patent sets out. Plaintiff claims that in actual operation, the water in the bottom of the Conley chamber is soon exhausted and that wet steam, not water, issues from the lower valve and mixes with the dry steam from above.

If this is the way the defendants' machine works, then it might infringe, regardless of how it is designed to work. The problem was made the subject of considerable and conflicting evidence below, both lay and expert. The District Court, after hearing the witnesses orally and inspecting the machine in operation, found that the defendants' machine does not operate in a manner which infringes the valid claims of plaintiff's patent. Indulging the presumption in favor of the court below, we accept this finding as correct.

Affirmed.